# EXHIBIT 5

Melissa A. Fortunato (SBN #319676)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
passmore@bespc.com

*Counsel for Movant Shing Yiu Ng and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NICK PATTERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPTIAL PTE LTD., NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 5:22-cv-03600-BLF<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF SHING YIU NG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 15, 2022<br>Time: 9:00 a.m.<br>Courtroom: 3 – 5th Floor<br>Judge: Honorable Beth Labson Freeman |

## TABLE OF CONTENTS


NOTICE OF MOTION AND MOTION ... 1

MEMORANDUM OF POINTS AND AUTHORITIES ... 2

I. SUMMARY OF ARGUMENT ... 2

II. STATEMENT OF ISSUES TO BE DECIDED ... 3

III. FACTUAL BACKGROUND ... 3

IV. ARGUMENT ... 5

A. The Court Should Appoint Movant as Lead Plaintiff ... 5

1. The Procedure Required by the PSLRA ... 5

2. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ... 6

a. Movant Filed a Timely Motion ... 6

b. Movant Has the Largest Financial Interest in the Relief Sought ... 7

3. Movant Meets Rule 23's Typicality and Adequacy Requirements ... 7

a. Movant's Claims Are Typical of the Claims the Class ... 8

b. Movant Will Adequately Represent the Class ... 9

B. Movant's Choice of Counsel Should Be Approved ... 9

V. CONCLUSION ... 10

## TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013) ..... 3

*Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ..... 7

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ..... 2, 6, 7, 8

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) ..... 8

*Crawford v. Honig*, 37 F.3d 485 (9th Cir. 1994) ..... 9

*Deinnocentis v. Dropbox, Inc.*, 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ..... 7, 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..... 8

*Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ..... 6, 7, 9

*Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879 (C.D. Cal. June 5, 2019) ..... 9

*Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521 (N.D. Cal. Dec. 12, 2011) ..... 8

*Vataj v. Johnson*, 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020) ..... 8

**Statutes**

15 U.S.C. § 77k ..... 2

15 U.S.C. § 77o ..... 2

15 U.S.C. § 77z-1(a)(3) ..... 1, 2

15 U.S.C. § 78j(b) ..... 2

15 U.S.C. § 78u-4(a)(3) ..... *passim*

**Regulations**

17 C.F.R. § 240.10b-5 ..... 2

**Rules**

Fed. R. Civ. P. 23(a) .......................................................................................................*passim*

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15, 2022, at 9:00 a.m., or as soon as counsel may be heard, before the Honorable Beth Labson Freeman, at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, California 95113, Shing Yiu Ng ("Movant") will and hereby does respectfully move this Court for an Order: (1) appointing Movant as Lead Plaintiff, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) and/or Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3), on behalf of a putative Class consisting of all persons and entities, other than defendants and their affiliates, who purchased Terra Tokens between May 20, 2021 and May 25, 2022, inclusive; (2) approving Movant's selection of the law firm Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the putative Class; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movant believes he is the "most adequate plaintiff" under the PSLRA and, therefore, should be appointed Lead Plaintiff. Specifically, Movant believes that he has the "largest financial interest" in the relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of other members of the Class and because he will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa A. Fortunato, the [Proposed] Order Appointing Movant as Lead Plaintiff and Approving Movant's Selection of BES as Lead Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Shing Yiu Ng ("Ng" or "Movant") hereby respectfully submits this Memorandum of Points and Authorities in support of his Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).[1]

## I. SUMMARY OF ARGUMENT

Currently pending in this District is a securities class action lawsuit (the "Action") brought on behalf of a "Class" consisting of all persons and entities, other than Defendants (defined below) and their affiliates, who purchased Terra Tokens between May 20, 2021 and May 25, 2022, inclusive (the "Class Period"). The Action alleges violations of Sections 5, 12(a)(1), and 15 of the Securities Act, 15 U.S.C. §§ 77k and 77o, and Section 10(b) of the Exchange Act, 15 U.S.C. §§ 78j(b), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5[2], against TerraForm Labs Ptd. Ltd. ("TFL" or the "Company"), Jump Crypto, Jump Trading LLC, Republic Capital, Republic Maximal LLC, Tribe Capital, DeFinance Capital/Definance Technologies Oy, GSR Markets Limited, and Three Arrows Capital Ptd Ltd. (collectively, the "Luna Foundation Guard"), and individual defendants Nicholas Platias and Do Kwon (together with the Luna Foundation Guard and TFL, the "Defendants").

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant suffered

[1] Because the lead plaintiff provisions of the Securities Act and the Exchange Act are identical, only citations to the Exchange Act are provided herein.

[2] The Action also includes aiding and abetting, conspiracy, and unjust enrichment claims, as well as allegations of violations the Racketeer Influenced and Correct Organizations Act, 18 U.S.C. §§ 1961, *et seq*.

a financial loss of approximately $3,559,997.02 on his purchases of Terra Tokens.[3] *See Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *6-7 (N.D. Cal. Nov. 18, 2013) (comparing losses when determining largest financial interest and appointing movant with "substantially larger" loss). As Movant has the largest loss and thus the largest financial interest recoverable by the Class, he is the presumptive lead plaintiff in the Action. Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and that he will fairly and adequately represent the interests of the Class. As such, Movant satisfies the standard under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Movant respectfully requests that he be appointed Lead Plaintiff and his selection of BES be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2. Whether the Court should approve Movant's selection of BES as Lead Counsel for the proposed Class.

## III. FACTUAL BACKGROUND[4]

TFL is a company that operates the Terra blockchain and its related protocol, which hosts, supports and funds a community of decentralized financial applications and products known as the Terra ecosystem. ¶¶ 2, 31-32. TFL's primary focus is developing, marketing, and selling a suite of digital assets and financial products withing the Terra ecosystem, including native and governance tokens within the Terra ecosystem, so-called "stablecoins," a bevy of financial products such as "mirrored assets," bonded assets, liquidity pool tokens, along with various protocols (e.g., Anchor, Mirror, etc.) to support and facilitate their sale. ¶¶ 2, 32, 45-57. These digital assets are collectively

---

[3] A signed certification identifying Ng's TFL transactions during the Class Period, as required by the PSLRA is attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration") as Exhibit 1.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint for the Violations of the Federal Securities Laws filed on June 17, 2022 (the "Complaint"). ECF No. 1. The allegations set forth in the Complaint are incorporated herein by reference.

referred to as the "Terra Tokens" and are worth tens of billions of dollars in total market cap. ¶¶ 2, 45-57.

Investors, including the Class members, paid fiat and/or cryptocurrencies in exchange for the Terra Tokens with the expectation of profit from either an increase in the price of particular Terra Tokens like Luna and the mirrored assets or from receiving interest payments for staking UST or other TFL governance tokens. *E.g.*, ¶¶ 3, 61-88. This expectation was based on the efforts of Defendants to maintain the Terra ecosystem. *Id.* Defendants sell or sold the Terra Tokens from the retained supply and used the proceeds from the sales to fund TFL, to reward investors, and as governance tokens. *Id.* Even though the Terra Tokens bear all the hallmarks of being investment contracts and, thus, securities under the *Howey* test, no registration statements have been filed with the SEC with respect to the various Terra Tokens. *Id.*

In addition to selling unregistered securities with the Terra Tokens, Defendants made a series of false and misleading statements regarding the largest Terra ecosystem digital assts by market cap, UST and LUNA, in order to induce investors into purchased these digital assets at inflated rates. *E.g.*, ¶¶ 4, 89-123.

TFL repeatedly touted the stability of UST as an "algorithmic" stablecoin that is paired to the Terra ecosystem's native token LUNA and the sustainability of the Anchor Protocol ("Anchor") – a type of high-yield savings account whereby investors can "stake" or deposit UST with TFL in exchange for a guaranteed 20% APY interest rate. *E.g.*, ¶¶ 5, 89-123. As a part of this promotional campaign, TFL formed the Luna Foundation Guard – a group six venture capital groups that promised to support and fund the Terra ecosystem and to "defend the peg" in the event that high volatility caused the UST/LUNA pair to become untethered from one another. ¶¶ 5, 38-44, 58-60. The Luna Foundation Guard and its members Jump Crypto, Tribe Capital, Republic Capital, GSR, DeFinance Capital, and Three Arrows Capital acted on behalf of TFL to promote the stability of UST and mislead investors into believing that (1) the Luna Foundation Guard's reserve pool would be sufficient to defend the peg against a proverbial run on the bank by UST/LUNA investors, and (2) that the Luna Foundation Guard would be able to maintain interest payments from the Anchor Protocol through a well-capitalized "Anchor Yield Reserve" fund. *E.g.*, ¶¶ 4-5, 58-60, 89-123.

These promotions, along with the announcement of financial backing of major venture capitalists in the sector, were a siren song to both veteran and rookie crypto investors alike, luring them in with a purportedly "stable" digital asset in UST that would nevertheless provide outsized returns on investment via Anchor. ¶ 6. The marketing of UST and Anchor was so effective that approximately $14 billion of UST's market cap (75%) was deposited into Anchor at its peak. *Id.*

Between May 6, 2022 and May 9, 2022, however, structural infirmities specific to the Terra ecosystem exposed a crack in UST's ability to maintain its peg to $1. ¶¶ 7, 125-31. The truth regarding the stability and sustainability of the UST/LUNA pair and the Anchor Protocol could not be hidden any longer from investors, and within a week, the price of UST and LUNA collapsed by approximately 91% and 99.7%, respectively. *Id.*

## IV. ARGUMENT

### A. The Court Should Appoint Movant as Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider, within 90 days of the publication date, all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA creates a rebuttable presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30. The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. at 741; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4-5 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against him that Defendants could raise. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

**2. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA**

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

**a. Movant Filed a Timely Motion**

On June 20, 2022, the plaintiff caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[5]

Pursuant to the PSLRA and within the requisite time frame after publication of the required

[5] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit 2 to the Fortunato Declaration.

notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

**b. Movant Has the Largest Financial Interest in the Relief Sought**

As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *Cavanaugh*, 306 F.3d at 726-30).

During the Class Period, Movant purchased Terra Tokens in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $3,559,997.02. Movant thus has the greatest financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**3. Movant Meets Rule 23's Typicality and Adequacy Requirements**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732; *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at

*10-11 (N.D. Cal. Jan. 16, 2020). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *8 (N.D. Cal. Dec. 12, 2011). The Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Dropbox*, 2020 U.S. Dist. LEXIS 8680, at *10-11.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

**a. Movant's Claims Are Typical of the Claims the Class**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent Class members; (ii) he suffered the injury as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if his situation shares a common issue of law or fact. *See id.*

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to the Class, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Terra Tokens during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

**b. Movant Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at *4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses). There is no evidence of any antagonism between Movant's interests and the Class's.

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and has submitted his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B. Movant's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with the lead plaintiff's selection of counsel unless it is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class. *See* Fortunato Decl., Ex. 4 (BES firm résumé).

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Ng as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: August 19, 2022

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN #319676)
Marion C. Passmore (SBN #228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
passmore@bespc.com

*Counsel for Movant Shing Yiu Ng and Proposed Lead Counsel for the Class*