**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| TODD R. SNYDER, AS PLAN ADMINISTRATOR FOR THE TERRAFORM LABS PTE. LTD., ET AL., EACH POST-EFFECTIVE DATE DEBTOR, AND THE WIND DOWN TRUST,<br><br>       Plaintiff,<br><br>  v.<br><br>JUMP TRADING, LLC, JUMP CRYPTO HOLDINGS, LLC, TAI MO SHAN LTD., JUMP FINANCIAL, LLC, J DIGITAL 6 CAYMAN LTD., JCDP-7 DIGITAL LTD., JUMP OPERATIONS, LLC, JUMP CAPITAL, LLC, KANAV KARIYA, WILLIAM DISOMMA, AND XYZ COMPANIES 1-10,<br><br>       Defendants. | Case No. 1:25-cv-15414<br><br>District Judge Joan H. Lefkow |

**PLAINTIFF'S MOTION TO SEAL/REDACT THE AMENDED COMPLAINT**

Plaintiff Todd R. Snyder, as Plan Administrator for the jointly administered estates of Terraform Labs Pte. Ltd and Terraform Labs Limited ("Terraform") and the Wind Down Trust established under the Second Amended Chapter 11 Plan of Liquidation entered in *In re Terraform Labs Pte. Ltd. et al.*, Case No. 24-10070 (Bankr. D. Del.) ("Plaintiff"), and pursuant to Local Rule 26.2 of the United States District Court for the Northern District of Illinois, respectfully moves for an Order granting Plaintiff leave to file under seal/redact certain portions of the Amended Complaint.

Plaintiff's Amended Complaint asserts several causes of action against Defendants Jump Trading, LLC, Jump Crypto Holdings, LLC, Jump Financial, LLC, J Digital 6 Cayman Ltd.,

JCDP-7 Digital Ltd., Jump Operations, LLC, Jump Capital, LLC, and Tai Mo Shan Ltd., Kanav Kariya, William DiSomma, and XYZ Companies 1-10 ("Defendants") for their fraudulent actions that precipitated the May 2022 collapse of the Terraform Ecosystem, one of the largest cryptocurrency collapses in history. The Amended Complaint is based in part on documents and information Defendants originally produced in *SEC v. Terraform Labs Pte Ltd., et al.*, No. 1:23-cv-1346 (S.D.N.Y.) ("SEC Case"), which had a protective order. Defendants' reproduction of those materials during Terraform's bankruptcy was conditioned on the materials being treated as "Highly Confidential" per the bankruptcy proceeding's protective order. Plaintiff therefore seeks an Order under Local Rule 26.2 permitting it to file an unredacted version of the Amended Complaint, while simultaneously being permitted to file a public version of the Amended Complaint with redactions for material Defendants have designated as "Highly Confidential."

Plaintiff takes no position at this time as to whether Defendants' documents, as identified and quoted in the Amended Complaint, contain confidential information requiring redaction and sealing. Defendants, as the party that designated these documents "Highly Confidential," have the obligation to file a motion to seal. While there is a presumptive right of public access to judicial documents, that presumption "can be overridden" by "the property and privacy interests of the litigants ... if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002) ("But those documents…that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.").

Conditional sealing of the unredacted Amended Complaint and simultaneous public filing of a redacted form of the Amended Complaint, pending a ruling on Defendants' anticipated motion to seal, balances Defendants' right to seek confidential treatment of business materials with the right of public access to judicial documents. Plaintiff thus requests that this Court allow Plaintiff to file an unredacted version of the Amended Complaint conditionally under seal while simultaneously filing a public, redacted version of the Amended Complaint.

Dated: May 1, 2026

Respectfully submitted,

/s/ Casey J. McGushin

Michael F. Williams, P.C. (*pro hac vice*)
Judson D. Brown, P.C. (*pro hac vice*)
Caroline Milner (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
mwilliams@kirkland.com
jdbrown@kirkland.com
caroline.milner@kirkland.com

Casey J. McGushin (ARDC No. 6313465)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
casey.mcgushin@kirkland.com

Sara Shaw Tatum (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Telephone: (305) 432-5600
Facsimile: (305) 432-5601
sara.tatum@kirkland.com

*Counsel for Plaintiff Todd R. Snyder, as Plan Administrator for the Terraform Labs Pte. Ltd., et al., each Post-Effective Date Debtor, and the Wind Down Trust*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2026, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Northern District of Illinois's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Casey J. McGushin*

Casey J. McGushin (ARDC No. 6313465)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
casey.mcgushin@kirkland.com

*Counsel for Plaintiff Todd R. Snyder, as Plan Administrator for the Terraform Labs Pte. Ltd., et al., each Post-Effective Date Debtor, and the Wind Down Trust*