**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TODD R. SNYDER, AS PLAN ADMINISTRATOR FOR THE TERRAFORM LABS PTE. LTD., et al., EACH POST-EFFECTIVE DATE DEBTOR, and THE WIND DOWN TRUST, | ) ) ) ) ) |
| | ) Case No. 25 C 15414 |
| Plaintiff, | ) |
| | ) Judge Joan H. Lefkow |
| v. | ) |
| | ) |
| JUMP TRADING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

The motion to stay all deadlines is temporarily granted. (Dkt. 71.) The case is stayed in this court until June 4, 2026, to allow the parties to present the issue to the bankruptcy judge who entered the protective order. The conditional seal of the amended complaint (dkt. 56), granted on May 4, 2026 (dkt. 61), is extended until further order of the court. Status hearing set for June 17, 2026.

**STATEMENT**

Defendants contend that allegations in the amended complaint are derived from the production of confidential information produced by defendants in *In re Terraform Labs Pte. Ltd.*, Case No. 24-10070 (Bankr. D. Del.). The protective order prohibits any party to the bankruptcy case from "us[ing] or disclos[ing] in any other proceeding or for any other purpose, including, but not limited to, any business or commercial purpose, absent agreement of the Producing Party or Order of the Court …" *Id.*, Dkt. 263-1 at 3.

The Plan Administrator (PA) filed a motion to seal (dkt. 54) concurrently with filing the amended complaint under seal. Several days later, defendants sent a letter to the PA demanding that he withdraw the amended complaint, due to his alleged violation of the order. The PA refused but offered to meet and confer to prepare to present the issue to the bankruptcy judge.

Defendants denied there were any issues to present to the bankruptcy judge, and the PA now takes the position that he did not violate the order because it was not intended to prohibit the PA from using confidential information for the purpose of garnering assets for the benefit of creditors. Now, defendants seek a stay in order to move to strike the amended complaint which, apparently, they believe would require termination of this litigation.

This court has jurisdiction to enforce the protective order. *See, e.g. DEV Indus., Inc.* v. *Rockwell Graphic Sys., Inc.*, No. 91 C 7197, 1992 WL 100908, at *2 (N.D. Ill. May 4, 1992) (where, in similar circumstances, a judge of this court enforced a protective order issued by another judge of this court and struck portions of a complaint based on disclosure of confidential information). By its conduct, the PA implicitly admits that some allegations of the amended complaint derive from protected information. This is a violation of the protective order as written. That the bankruptcy judge intended to shield producing parties from claiming defendants' assets for the benefit of creditors, however, seems unlikely.[1] Nevertheless, this court is not in a position either to interpret the protective order beyond its explicit language or to modify it. On the other hand, the bankruptcy court has "retain[ed] jurisdiction over all matters arising from or related to the interpretation or implementation of [the] Order.").

As such, this court conditionally concludes that the PA has violated the protective order, will place the amended complaint under seal, and will stay this case until the PA immediately presents the issue to the bankruptcy judge for clarification of the order or amendment as needed. Although defendants may file a motion to strike at any time, the court will not address the motion until it receives the decision of the bankruptcy judge.

Date: May 21, 2026

_____

U.S. District Judge Joan H. Lefkow

---

[1] Defendants argue that "[t]he purpose of [the at-issue] provision [of the protective order] is to protect a producing party, like [defendants], from producing material and then having a receiving party turn around and use those documents against them in some other context in some other case." (Dkt. 75 at 19:13–17.)

2