**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TODD R. SNYDER AS PLAN ADMINISTRATOR FOR THE TERRAFORM LABS PTE. LTD., ET AL., EACH POST-EFFECTIVE DATE DEBTOR, AND THE WIND DOWN TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>JUMP TRADING, LLC, JUMP CRYPTO HOLDINGS LLC, TAI MO SHAN LIMITED, JUMP FINANCIAL, LLC, J DIGITAL 6 CAYMAN LTD., JCDP-7 DIGITAL LTD., JUMP OPERATIONS, LLC, JUMP CAPITAL, LLC, KANAV KARIYA, WILLIAM DISOMMA,<br><br>Defendants. | No. 1:25-cv-15414<br><br>District Judge Joan H. Lefkow |

**DEFENDANTS' JOINT MOTION TO EXCEED PAGE LIMITS AND UPDATE ALLOCATION PROVISION**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 7.1, Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, Tai Mo Shan Limited, Jump Financial, LLC, J Digital 6 Cayman Ltd., JCDP-7 Digital Ltd., Jump Operations, LLC, and Jump Capital, LLC (collectively, the "Jump Defendants"), and Defendant William DiSomma (together with Jump Defendants, the "Moving Defendants") jointly move for leave to exceed the current page limits for the memoranda in support of the Moving Defendants' motions to dismiss and to revise the current provision regarding the allocation of pages between the Jump Defendants' and DiSomma's separate memoranda. In support, the Moving Defendants state as follows:

1. On May 1, 2026, Plaintiff filed the Amended Complaint, which is 103 pages long and asserts 13 causes of action across 467 paragraphs. Dkt. 56.

2. On July 13, 2026, the Parties filed a Joint Motion to Modify Briefing Schedule. Dkt. 81. That proposal sought the same page limits as were sought by the parties for the original motions to dismiss: 50 pages for the Jump Defendants and 20 pages for DiSomma. Plaintiff was afforded a single, 70-page brief in response. *Id.*

3. On July 14, 2026, the Court granted the Joint Motion to Modify Briefing Schedule. Dkt. 82.

4. The Moving Defendants have diligently worked to prepare streamlined, focused briefs. However, given the scope of the Amended Complaint—which asserts multiple complex causes of action and includes several new theories not raised in the original complaint—the Moving Defendants respectfully submit that a total of 10 additional pages, for a total of 80 pages, are warranted and will enable the Moving Defendants to submit efficient memoranda that adequately address the Amended Complaint's myriad theories (and deficiencies).

5. In addition, all but two relatively narrow counts in the Amended Complaint are asserted against all Defendants jointly. The Moving Defendants are coordinating to minimize duplicative points and arguments between their respective memoranda. As such, the Moving Defendants respectfully request an 80-page-total limit across the two briefs, with the exact page allocation to be determined among the Moving Defendants by agreement.

6. The Moving Defendants conferred with Plaintiff in an effort to reach agreement on this issue, both via email and at a meet-and-confer. As set forth in the correspondence attached to this Motion as Exhibit A, Plaintiff is agreeable to the Moving Defendants filing 80 total pages of briefing, but only on the condition that Plaintiff, rather than the Moving Defendants, be allowed to determine the page breakdown among the Moving Defendants. Plaintiff insists on 55 pages for the Jump Defendants and 25 pages for Mr. DiSomma.

7. Plaintiff's breakdown serves neither the Court nor the parties. While the Moving Defendants could theoretically shift common arguments among themselves to achieve the allocation insisted upon by Plaintiff, that arbitrary result serves no functional purpose. The better proposal is that both Plaintiff and Moving Defendants take the same approach: allocate 80 pages in the way that they believe best, and most efficiently, presents the issues for the Court's consideration. Such an approach in no way prejudices Plaintiff, who will have the same number of pages as the Moving Defendants to address the issues and will similarly be able to allocate those pages as he determines is most appropriate.

8. Were the Court to grant this Motion, the Moving Defendants of course would consent to the same page extension for Plaintiff's opposition brief, for a total of 80 pages.

WHEREFORE, the Moving Defendants respectfully request that the Court grant the Moving Defendants leave for excess pages as follows:

a. The Moving Defendants may file up to 80 pages in support of their motions to dismiss, to be allocated between the Jump Defendants and Mr. DiSomma by agreement.

b. Plaintiff shall file a single response to the Moving Defendants' motions to dismiss not to exceed 80 pages.

Dated: August 14, 2026

Respectfully submitted,

/s/ *Gary Feinerman*

Gary Feinerman (ARDC No. 6206906)
Sean M. Berkowitz (ARDC No. 6209701)
Jack M. McNeily (ARDC No. 6332140)
LATHAM & WATKINS LLP
330 N. Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Sean.Berkowitz@lw.com
Gary.Feinerman@lw.com
Jack.McNeily@lw.com

*Attorneys for Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, Tai Mo Shan Limited, Jump Financial, LLC, J Digital 6 Cayman Ltd., JCDP-7 Digital Ltd., Jump Operations, LLC, and Jump Capital, LLC*

/s/ *Paul M. Krieger*

Paul M. Krieger (*pro hac vice*)
Rebecca S. Tinio (*pro hac vice*)
Jonathan F. Bolz (*pro hac vice*)
Benjamin W. Perotin (*pro hac vice*)
KKL LLP
350 Fifth Avenue, Suite 7710
New York, New York 10118
Telephone: (212) 390-9550
Paul.Krieger@KKLllp.com
Rebecca.Tinio@KKLllp.com
Jonathan.Bolz@KKLllp.com
Ben.Perotin@KKLllp.com

*Attorneys for Defendant William DiSomma*