# EXHIBIT 23

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE | |
|---|---|
| **In re**<br>**TERRAFORM LABS PTE. LTD., *et al.*,**<br>**Debtors**[1] | **Chapter 11 Case No. 24–10070 (BLS)**<br>**(Joint Administration to be Requested)** |

## NOTICE OF DEADLINES TO FILE PROOFS OF CLAIM

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST TERRAFORM LABS PTE. LTD. ("TFL") OR TERRAFORM LABS LIMITED ("TLL" AND TOGETHER WITH TFL, the "DEBTORS")**

| **Attorneys for TFL and Proposed Attorneys for TLL** | **Attorneys for TFL and Proposed Attorneys for TLL** |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A.<br>Paul N. Heath (No. 3704)<br>Zachary I. Shapiro (No. 5103)<br>Matthew P. Milana (No. 6681)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700 | WEIL, GOTSHAL & MANGES LLP<br>Ronit Berkovich (admitted *pro hac vice*)<br>Jessica Liou (admitted *pro hac vice*)<br>Clifford W. Carlson (admitted *pro hac vice*)<br>F. Gavin Andrews (admitted *pro hac vice*)<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000 |

Address of the Clerk of the Bankruptcy Court
Clerk of the United States Bankruptcy Court,
824 Market Street North, 3rd Floor, Wilmington, DE 19801
Telephone: 302-252-2900
Hours Open: 8:00 a.m.–4:00 p.m. Monday–Friday

## PLEASE TAKE NOTICE THAT:

**YOU ARE RECEIVING THIS NOTICE ("NOTICE") BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

On January 21, 2024 (the "**TFL Petition Date**"), TFL filed a voluntary case under chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). On July 1, 2024 (the "**TLL Petition Date**" and together with the TFL Petition Date, the "**Petition Dates**"), TLL filed a voluntary case under chapter 11 of the Bankruptcy Code in the Court.

On July 9, 2024 the Court, having jurisdiction over the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") entered an order (the "**Bar Date Order**" or, the "**Order**")[2] establishing the Bar Dates and the procedures set forth below (the "**Procedures**"):

[1] The Debtors in these chapter 11 cases are: Terraform Labs Pte. Ltd. and Terraform Labs Limited. The Debtors' principal offices are located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Bar Date Order.

(i) **August 9, 2024 at 5:00 p.m. (Eastern Time)** (the "**General Bar Date**") as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a claim (as defined in section 101(5) of the Bankruptcy Code) arising prior to the applicable Petition Date, including, for the avoidance of doubt, secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors, unless otherwise provided herein;

(ii) **August 9, 2024 at 5:00 p.m. (Eastern Time)** shall be the deadline for Governmental Units to file a Proof of Claim in respect of a claim arising prior to the TFL Petition Date against TFL (the "**TFL Governmental Bar Date**");

(iii) **December 30, 2024 at 5:00 p.m. (Eastern Time)** shall be the deadline for Governmental Units to file a Proof of Claim in respect of a claim arising prior to the TLL Petition Date against TLL (the "**TLL Governmental Bar Date**" and together with the TFL Governmental Bar Date, the "**Governmental Bar Dates**");

(iv) The later of (i) the applicable Governmental Bar Date or the General Bar Date, as applicable, and (ii) 5:00 p.m. (Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of an amendment or supplement to TFL's schedules of assets and liabilities or the schedules of liabilities of TLL (collectively, the "**Debtors' Schedules**") (which, for avoidance of doubt, shall include a change to whether a claim is listed on the Debtors' Schedules as "contingent," "unliquidated," or disputed"), as applicable, as the deadline by which claimants holding claims affected by such amendment or supplement must file Proofs of Claim with respect to such claims (the "**Amended Schedules Bar Date**"); and

(v) The later of (i) the applicable Governmental Bar Date or the General Bar Date, as applicable, and (ii) 5:00 p.m. (Eastern Time) on the date that is thirty (30) days following service of an order authorizing rejection of any executory contract or unexpired lease as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[3] (the "**Rejection Damages Bar Date**," and, collectively with the General Bar Date, the Governmental Bar Dates and the Amended Schedules Bar Date, the "**Bar Dates**"); provided, however, that, for the avoidance of doubt, the Bar Dates **do not** apply to the excluded claims (discussed below) including, without limitation, the Excluded Crypto Claims (as defined below).

You may be a creditor of the Debtors.

**If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Epiq Corporate Restructuring, LLC ("Epiq"), by email at TerraformLabs@epiqglobal.com.**

NOTE: The Debtors, the Debtors' advisors, the staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and Epiq cannot give legal advice.

[3] For the avoidance of doubt, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date, the applicable Governmental Bar Date or the Amended Schedules Bar Date, as applicable, unless an exception identified in this Notice applies.

## INSTRUCTIONS:

### 1. WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following persons and entities holding claims against the Debtors arising prior to the applicable Petition Date **MUST** file Proofs of Claim on or before the applicable Bar Date if such persons or entities desire to participate in the Chapter 11 Cases or share in any distribution in the Chapter 11 Cases:

a) any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules, or is listed as "contingent," "unliquidated," or "disputed,";

b) any person or entity that believes that its claim is improperly classified in the Debtors' Schedules or is listed in an incorrect amount or priority and that desires to have its claim allowed in a different priority, classification, or amount than identified in the Debtors' Schedules; and

c) any person or entity that believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, claims include unsecured claims, secured claims, and priority claims.

Pursuant to section 101(15) of the Bankruptcy Code and as used in this Notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units. In addition, the terms "**persons**" and "**governmental units**" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

### 2. WHO NEED NOT FILE A PROOF OF CLAIM

Proofs of Claim need not be filed on or prior to the Bar Dates as to the following types of claims:

a) Any claim that is listed on the Debtors' Schedules; *provided* that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Debtors' Schedules;

b) Any claim as to which the holder has already filed a Proof of Claim against the Debtors in a form substantially similar to the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form**")[4] and otherwise in compliance with the Procedures;

c) Any claim that heretofore has been allowed by order of the Court;

d) Any claim that has been paid in full by the Debtors;

e) Any claim for which different specific deadlines have previously been fixed by the Court;

f) Any claim by and between TFL, TLL and/or Proximity Panorama, LDA;

---

[4] The Proof of Claim Form can be found at https://dm.epiq11.com/Terraform, the website established by Epiq for the Chapter 11 Cases. The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.

g) Any claims against the Debtors arising from or relating to any digital assets, including but not limited to, any claim arising from or relating to the purchase, sale, or rescission of the purchase or sale, of digital assets issued, created, generated, minted, promoted by or otherwise associated with the Debtors and their affiliates, the Terra Ecosystem,[5] or any decentralized or centralized application or protocol on the TerraLunaClassic and TerraLuna blockchains (such digital assets, "**Terra Crypto**"), any wrapped or bridged version on any blockchain of any Terra Crypto, any staked or bonded Terra Crypto on any blockchain, any Terra Crypto on any centralized or decentralized liquidity, lending, or borrowing application or protocol on any blockchain, any receipt or derivative of any Terra Crypto on any blockchain, any derivatives trading or perpetual swaps of Terra Crypto, or any other digital assets that derive a value from Terra Crypto, and any other digital asset that was transacted or made available on the TerraLunaClassic and TerraLuna blockchains, and any reimbursement or contribution claims allowed under section 502 of the Bankruptcy Code on account of such claims (collectively, the "**Excluded Crypto Claims**"). The definition of Excluded Crypto Claims is intended to be interpreted broadly to cover all crypto-related claims concerning Terra;

h) Any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that, if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

i) Any claim allowable under sections 503(b) and 507 of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code); or

j) Any claim held by a person or entity that is not required to file a Proof of Claim pursuant to any order of this Court.

**The fact that you have received this Notice does not mean that you have claim or that the Debtors or the Court believe that you have a claim against the Debtors. You should not file a Proof of Claim if you do not have a claim against the Debtors.**

## 3. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

Except as otherwise set forth herein, each person and entity that asserts a claim against the Debtors that arose before the applicable Petition Date **MUST** file a Proof of Claim.

**The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

a) Proofs of Claim must substantially conform to the enclosed Proof of Claim Form or the Official Form;

b) Proofs of Claim must (i) be written in the English language; (ii) be denominated in United States Dollars as of the applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) set forth with specificity the legal and factual basis for the alleged claim, and indicate if the claim is against TFL or TLL; (iv) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (v) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury;

---

[5] "**Terra Ecosystem**" is defined as including, but not limited, to the projects, applications, and protocols listed on the Debtors' website (https://www.terra.money/ecosystem) as of June 30, 2024 and the projects, applications, and protocols listed on Debtors' website as of May 2022 from the Wayback Machine (https://web.archive.org/web/20220510182304/https://www.terra.money/ecosystem).

c) Proofs of Claim must be filed (i) electronically through the website of the Debtors' claims and noticing agent, Epiq, using the interface available on such website located at https://dm.epiq11.com/Terraform under the link entitled "File a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim Form by hand or mailing the original Proof of Claim Form so as to be received on or before the applicable Bar Date at the following addresses:

| **If by First-Class Mail:** | **Hand Delivery or Overnight Mail:** |
|---|---|
| Terraform Labs Pte. Ltd., *et al.* | Terraform Labs Pte. Ltd., *et al*. Claims Processing Center |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

d) A Proof of Claim shall be deemed timely filed only if it **actually is received** by Epiq as set forth in subparagraph (c) above, in each case, on or before the applicable Bar Date;

e) Proofs of Claim **will not** be accepted if submitted by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System); and

f) For the avoidance of doubt, a party to an executory contract or unexpired lease who asserts a claim on account of unpaid amounts accrued and outstanding as of the TFL Petition Date or TLL Petition Date, as applicable, pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the General Bar Date, the applicable Governmental Bar Date or the Amended Schedules Bar Date, as applicable, unless an exception identified in the Bar Date Order applies.

**4. CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Pursuant to the Bar Date Order and Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in the Chapter 11 Cases on account of such claim. The failure to file a Proof of Claim for priority under section 503(b)(9) of the Bankruptcy Code shall eliminate any right that a holder of a claim may have to such priority.**

**5. THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim in the Debtors' Schedules.

If (i) you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules and (ii) your claim is not listed in the Debtors' Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules may be examined by interested parties on the Court's electronic docket for the Chapter 11 Cases, which is (or will be, as applicable) posted (i) on the website established by Epiq at https://dm.epiq11.com/Terraform and (ii) on the Court's website at https://www.deb.uscourts.gov/. Copies of the Debtors' Schedules also may be obtained by written request to the Debtors' claims and noticing agent, Epiq, at the address set forth below. (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).

**Terraform Labs Pte. Ltd., *et al.***
c/o Epiq Corporate Restructuring, LLC
P.O Box 4419
Beaverton, OR 97076-4419

**6. RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Debtors' Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Debtors' Schedules.

**If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent, Epiq, directly by email at** TerraformLabs@epiqglobal.com**.**

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated: Wilmington, Delaware
July 9, 2024

Ronit Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

ATTORNEYS FOR TFL AND PROPOSED ATTORNEYS FOR TLL