# EXHIBIT 26

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TERRAFORM LABS PTE. LTD.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24–10070 (BLS)<br><br>**Hearing Date: July 17, 2024 at 11:00 a.m. (ET)**<br>**Objection Deadline: July 16, 2024 at 9:30 a.m. (ET)**<br>**Re: Docket No. 435** |

**RESERVATION OF RIGHTS**
**OF AVALANCHE (BVI), INC. TO MOTION OF DEBTOR FOR ENTRY OF ORDER APPROVING IMPLEMENTATION STEPS IN COMPLIANCE WITH TFL CONSENT AND FINAL JUDGMENT IN SEC ENFORCEMENT ACTION**

Avalanche (BVI), Inc. ("Avalanche"), by and through its undersigned counsel, hereby files this reservation of rights (this "Reservation of Rights") to the *Motion of Debtor for Entry of Order Approving Implementation Steps in Compliance With TFL Consent and Final Judgment in SEC Enforcement Action* [Docket No. 435] (the "Settlement Enforcement Motion"),[2] and in support of this Reservation of Rights states as follows:

**PRELIMINARY STATEMENT**

1. By this Reservation of Rights, Avalanche does not seek to unwind the Debtor's efforts to date to resolve the SEC Enforcement Action or prevent a meaningful recovery to parties harmed by the Collapse of Luna Classic and UST (and the fraud perpetuated in connection therewith). However, the TFL Consent and Final Judgment—pursuant to which the Debtor now seeks the Court's authority to take certain actions—is extraordinary and directly affects non-

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Settlement Enforcement Motion, the First Day Declaration (as defined below), or as further defined herein.

Debtor Luna Foundation Guard ("LFG")[3] and its creditors, including Avalanche. Specifically, the Final Judgment mandates that Mr. Kwon transfer all of LFG's crypto assets (the "LFG Assets") to the Debtor's estate for no value, potentially leaving LFG completely insolvent and Avalanche with no source for recovery. Consequently, the proposed transfer of the LFG Assets to the Debtor may constitute a fraudulent transfer that leaves Avalanche with no possibility of recovery against LFG.

2. Avalanche is a creditor and contract counterparty of LFG. As described further herein, the proposed transfer of the LFG Assets to the Debtor's estate is a clear breach of the express terms of that certain AVAX Token Sale Agreement, dated April 7, 2022, among Avalanche and LFG (the "AVAX Agreement"). Avalanche recognizes that the transfer of the LFG Assets may be necessary to comply with the terms of the Final Judgment. However, the Final Judgment did not account for the fact that such transfer may result in Avalanche having no meaningful or practical recourse against LFG for Avalanche's claims against LFG. The proposed transfer would effectively strip LFG of its assets for the benefit of the Debtor's creditors (leaving Avalanche and any similarly situated creditors to assert claims against a non-profit with no other known material assets). The proposed transfer also may result in LFG and/or its creditors asserting fraudulent transfer claims against the Debtor.[4]

3. The TFL Consent and Final Judgment were negotiated amongst the Debtor, Mr. Kwon, and the SEC, without any consultation of Avalanche.[5] Upon learning of the TFL

[3] As noted herein, LFG is a non-profit Singaporean entity created by the Debtor's founder, Mr. Kwon, to hold and transact certain crypto reserve assets in connection with the Terra Blockchain.

[4] Avalanche reserves all of its rights to assert claims and/or causes of action against the Debtor in connection with such potentially fraudulent transfer or otherwise.

[5] The Debtor also seeks approval of the relief sought in the Settlement Enforcement Motion on shortened notice. *See Motion of Debtor to Shorten Notice and Objection Periods with Respect to Motion of Debtor for Entry of Order Approving Implementation Steps in Compliance with TFL Consent and Final Judgment in SEC Enforcement Action* [Docket No. 436].

Consent and Final Judgment, Avalanche promptly commenced, and the Debtor has engaged in, good faith discussions and negotiations regarding the LFG Assets and the AVAX Agreement. Such discussions and negotiations remain ongoing. However, in light of the foregoing, if the LFG Assets are transferred to the Debtor, the Debtor should be expressly prohibited from utilizing, monetizing, or otherwise distributing such assets, and nothing in the Settlement Enforcement Motion and accompanying order (the "Proposed Order") should prejudice Avalanche's rights to assert claims on account of the transfer, or otherwise authorize or approve such transfer by LFG. Any other outcome would cause irreparable harm to Avalanche, who, in its capacity as a creditor of LFG, would not receive distributions under the *Chapter 11 Plan of Liquidation of Terraform Labs Pte. Ltd. and Terraform Labs Limited* [Docket No. 416] (as may be amended, modified, or supplemented from time to time, the "Plan").[6]

**PROCEDURAL BACKGROUND**

4. On January 21, 2024 (the "Petition Date"), the Debtor commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 29, 2024, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in the Chapter 11 Case.

6. Additional information regarding the circumstances leading to the commencement of this Chapter 11 Case and the Debtor's business and operations is set forth in the *Declaration of Chris Amani in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18]

---

[6] As noted, LFG is not a debtor in the Chapter 11 Case.

(as may be amended or supplemented, the "First Day Declaration"), which is incorporated herein by reference.

**FACTUAL BACKGROUND**

7. Following the launch of the Terra Classic Blockchain, users began to populate the network, develop and use applications on it, and acquire Luna Classic and UST.[7] After certain stress events on the Terra Classic Blockchain, Mr. Kwon established LFG, a non-profit Singaporean entity, in December 2021.[8] The formation of LFG was announced on January 19, 2022, and the Debtor contributed millions of Luna Classic tokens to LFG.[9] Over the course of the following months, LFG sold such tokens to amass over $3 billion in reserves held in BTC, stablecoins, and other digital assets, including AVAX.[10]

8. In connection with the foregoing, Avalanche and LFG are parties to the AVAX Agreement, which involved LFG's purchase of $100 million of AVAX in exchange for an equivalent amount of UST. In connection with the transaction, LFG covenanted to, among other things:

> [P]romptly contribute all of the [AVAX Tokens] to the Terra Reserve Pool and that all of the [AVAX Tokens] shall remain in the Terra Reserve Pool only and be utilized by the Terra Reserve Pool solely in accordance with its publicly disclosed permitted uses. For purposes of [the AVAX Agreement], "Terra Reserve Pool" shall mean the pool of assets including Bitcoin (BTC) and the [AVAX Tokens], as well as other assets from time to time, that function as the reserve of assets created to support UST from downward peg deviations during periods of volatility or high stress and first introduced in accordance with this proposal.

AVAX Agreement, § 4.2.

---

[7] First Day Declaration, ¶ 32.

[8] *Id.*, ¶ 56.

[9] *Id.*, ¶ 33.

[10] *Id.*

9. In connection with the May 2022 collapse of prices for UST and Luna Classic, the value of a single unit of UST approached nearly zero.[11]

10. Despite being founded by Mr. Kwon, LFG does not sit within the Debtor's corporate structure and has no more control over the Debtor or the Terra Blockchain than an ordinary user of the blockchain would.[12] As noted in the First Day Declaration, as of the Petition Date the wallets holding the LFG Assets had not been active.[13]

11. On February 16, 2023, the SEC commenced the SEC Enforcement Action against the Debtor and Mr. Kwon alleging violations of the Securities Act and Exchange Act.[14]

12. On the Petition Date, the Debtor, but not LFG, commenced the Chapter 11 Case.[15]

13. In connection with the SEC Enforcement Action, a jury found the Debtor and Mr. Kwon respectively liable for reckless and intentional misconduct constituting violations of the securities laws, including fraud.[16] The SEC sought, among other things, nearly $5 billion in monetary remedies.[17] Thereafter, the Debtor and the SEC began settlement negotiations, which resulted in the TFL Consent and Final Judgment.[18]

---

[11] *Id.*, ¶ 34.

[12] *Id.*, ¶ 57.

[13] *Id.*, ¶ 56.

[14] Settlement Enforcement Motion, ¶ 1.

[15] On July 1, 2024, Terraform Labs Limited ("TLL") filed a chapter 11 petition (Bankr. D. Del., Case No. 24-11481 (BLS)). Settlement Enforcement Motion, note 3. Avalanche also consummated a certain AVAX Token Sale Agreement with TLL and holds claims in connection therewith that may be pursued during the Chapter 11 Case.

[16] SEC Enforcement Motion, ¶ 6.

[17] *Id.*, ¶ 7.

[18] *Id.*, ¶ 8.

14. Among other things, the Final Judgment requires that Mr. Kwon transfer to the Debtor and its bankruptcy estate the LFG Assets within 30 days of the judgment.[19]

15. Pursuant to the Settlement Enforcement Motion, the Debtor seeks authority from the Court to direct the transfer of the LFG Assets to designated segregated custodial accounts for later distribution under the terms of the Plan or pursuant to further Court order.[20]

**RESERVATION OF RIGHTS**

16. LFG is a not a debtor in the Chapter 11 Case. The Debtor and Mr. Kwon negotiated the Final Judgment for the benefit of the Debtor's creditors, apparently without giving any consideration to LFG's creditors. The proposed transfer of the LFG Assets to the Debtor would require LFG to directly breach the express terms of the AVAX Agreement and potentially constitutes a fraudulent transfer.

17. In light of the terms of the Final Judgment (of which Avalanche had limited notice), Avalanche is not seeking to prohibit the contingent transfer of the LFG Assets to the Debtor. However, Avalanche is requesting that the Debtor be required to preserve the LFG Assets (and prohibit any further transfer thereof) unless and until the Debtor obtains a further Court order after appropriate notice to all interested parties, including Avalanche and other LFG stakeholders, and a hearing before the Court. Further, Avalanche respectfully requests that the Proposed Order expressly preserve Avalanche's rights to assert claims on account of the LFG Asset transfer, and not otherwise authorize or approve such transfer.

18. Such relief will allow Avalanche to continue its discussions with the Debtor regarding the LFG Assets, as well as evaluate its claims against LFG and the Debtor in light of the

[19] Final Judgment, § VII,

[20] Settlement Enforcement Motion, ¶ 39.

proposed transfer. Any other outcome would materially prejudice Avalanche, who did not have an opportunity to participate in the SEC Enforcement Action, or provide any input on the terms of the Final Judgment.

WHEREFORE, Avalanche respectfully requests that this Court deny the Settlement Enforcement Motion unless modified pursuant to the terms set forth herein and grant such other and further relief as the Court finds just and appropriate.

Dated: July 15, 2024

**MORRIS JAMES LLP**

/s/ *Tara C. Pakrouh*

Eric J. Monzo (Bar No. 5214)
Tara C. Pakrouh (Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: emonzo@morrisjames.com
tpakrouh@morrisjames.com

-and-

Dennis Twomey (*pro hac vice* forthcoming)
Ryan Fink (*pro hac vice* forthcoming)
**SIDLEY AUSTIN LLP**
1 South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: dtwomey@sidley.com
ryan.fink@sidley.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRAFORM LABS PTE. LTD.,[1] | Case No. 24–10070 (BLS) |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2024, I caused to be served a true and correct copy of the *Reservation of Rights of Avalanche (BVI), Inc. to Motion of Debtor for Entry of Order Approving Implementation Steps in Compliance with TFL Consent and Final Judgment in SEC Enforcement Action* via electronic mail upon the parties on the attached service list.

Dated: July 15, 2024

*/s/ Tara C. Pakrouh*
Tara C. Pakrouh (Bar No. 6192)

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

**Service List**

Paul N. Heath, Esq.
Zachary I. Shapiro, Esq.
Matthew P. Milana, Esq.
Alexander R. Steiger, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Email: heath@rlf.com
shapiro@rlf.com
milana@rlf.com
steiger@rlf.com

-and-

Ronit Berkovich, Esq.
Jessica Liou, Esq.
Clifford Carlson, Esq.
F. Gavin Andrews, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Email: ronit.berkovich@weil.com
jessica.liou@weil.com
clifford.carlson@weil.com
f.gavin.andrews@weil.com

*Attorneys for Debtor and Debtor in Possession*

Jane M. Leamy, Esq.
Linda Richenderfer, Esq.
The Office of the U.S. Trustee for the District of Delaware
844 King St.
Suite 2207
Wilmington, DE 19801
Email: jane.m.leamy@usdoj.gov
Linda.Richenderfer@usdoj.gov

*United States Trustee*

White & Case LLP
J. Christopher Shore, Esq.
Colin T. West, Esq.
1221 Avenue of the Americas
New York, New York 10020
cshore@whitecase.com
cwest@whitecase.com

- and –

Gregory F. Pesce, Esq.
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
gpesce@whitecase.com

- and –

Aaron Colodny, Esq.
555 South Flower Street, Suite 2700
Los Angeles, California 90071
acolodny@whitecase.com

-and-

Mcdermott Will & Emery LLP
David R. Hurst, Esq.
Dante Pavan, Esq.
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
dhurst@mwe.com
dpavan@mwe.com

-and-

Darren Azman, Esq.
Joseph B. Evans, Esq.
One Vanderbilt Avenue
New York, New York 10017
dazman@mwe.com
jbevans@mwe.com

- and –

Michael Kelly, Esq.
Therese Anne Scheuer, Esq.
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
kellymich@sec.gov
scheuert@sec.gov

-and-

William Matthew Uptegrove, Esq.
U.S. Securities & Exchange Commission
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326-1232
uptegrovew@sec.gov

*US Securities and Exchange Commission*

Andrew Chesley
David Patton
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Email: achesley@heckerfink.com
patton@heckerfink.com

*Counsel to Do Hyeong Kwon*

CAVU Securities,LLC
Attn: Chris McMillan & Trent Martensen
777 Third Avenue, Suite 2102
New York, NY 10017
Email: cmcmillan@cavusecurities.com
Email: tmartensen@cavusecurities.com

Gregg A. Steinman, Esq.
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
gsteinman@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*

Ellen Slights, Esq.
Office of the United States Attorney
District Of Delaware
Hercules Building
1313 N. Market Street, Suite 400
Wilmington, DE 19801
Email: Ellen Slights ellen.slights@usdoj.gov

*Office of the United States Attorney*

BitGo
Attn: Thomas Chen
6216 Pinnacle Place
Suite 101
Sioux Falls, SD 57108
Email: thomaschen@bitgo.com
legal@bitgo.com

Proximity
Edifício LACS
Rocha Conde d'Óbidos, 1350-352
Lisboa
Portugal
Email: info@proximitycr.com

Luna Foundation Guard
contact@lfg.org



16837871/1